UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MANSOOR M. FADIL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:19-cv-326-PPS |
| | ) |
| ANDREW M. SAUL, | ) |
| Commissioner of | ) |
| Social Security, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

Mansoor Fadil has appealed from an Administrative Law Judge's denial of his application for Social Security disability insurance benefits. He claims that the ALJ committed two errors which require a reversal of his decision, but I will limit my discussion to one: whether the ALJ erred in her analysis of Fadil's subjective symptoms. Because I find that she did, I will reverse the ALJ's decision and remand the case.

**Background**

Mansoor Fadil applied for disability insurance benefits on February 6, 2016, claiming that as of December 20, 2014, he was disabled. [A.R.[1] 10.] His claim was denied initially and denied again upon reconsideration. After that, he requested and had a hearing before an Administrative Law Judge on November 20, 2017. On August 6, 2018, the ALJ issued her written decision which once again denied Fadil benefits. He

---

[1] The Administrative Record (A.R.) in this case is found at Docket Entry # 7. Citations are to the page number in the lower right-hand corner of the A.R.

then took his case to the Social Security Appeals Council but achieved no better result. On May 20, 2019, the Appeals Council denied Fadil's request for review, meaning that the ALJ's written decision was the final decision on his case. [*Id.* at 1.] He now seeks review of that decision.

In the written decision, the ALJ determined that Fadil had the severe impairments of asthma/chronic obstructive pulmonary disease, right carpal tunnel syndrome, and cervical degenerative disc disease. [A.R. 12.] The ALJ also found that Fadil also had a variety of non-severe impairments, including tinnitus and left cubital tunnel syndrome. The ALJ then determined that Fadil did not meet any of the applicable social security listings for disability. Specifically, the ALJ examined listings 1.04 (disorders of the spine), 3.02 (chronic respiratory disorders), 3.03 (asthma), and 11.14 (peripheral neuropathy) and found that he did not meet or medically equal the requirements for those listings.

At the next step, the ALJ determined Fadil's residual functional capacity (RFC). She determined that Fadil was capable of performing light work as defined in 20 C.F.R. § 404.1567(b) with the following limitations: he can stand or walk for only four hours in an eight-hour day, while sitting for six hours in an eight-hour day. He can never climb ladders, ropes, or scaffolds, and can only occasionally balance, stoop, kneel, crouch, crawl, or climb ramps or stairs. Furthermore, she found he can tolerate no more than occasional exposure to extreme heat and cold, humidity, fumes, odors, dusts, gases, chemicals, and poor ventilation. He should avoid all exposure to hazards such as

commercial driving, and he cannot work in close proximity to unprotected heights or open and dangerous machinery. He can engage in frequent, but not continuous, reaching, handling, and fingering with his dominant upper extremity. [A.R. 14.] The ALJ based this RFC upon her review of the submitted evidence, which she labeled as consideration of the symptoms, objective medical evidence, and opinion evidence. [*Id.*] I won't repeat the ALJ's entire description of the medical evidence included in the written decision, [*see* A.R. 14–19], as it is not necessary in deciding this appeal.

The ALJ then posed the RFC and some additional hypothetical questions to a vocational expert (VE) who testified whether such a hypothetical person with Fadil's RFC could likely find gainful employment. The ALJ determined that Fadil was unable to perform his past relevant work as an extruder operator either as actually performed or as generally performed. [A.R. 19.] However, she found that he could perform the jobs of cashier, ticket taker, or routing clerk, all of which exist in sufficient numbers in the national economy. As a result, the ALJ found that Fadil was not disabled within the meaning of the Social Security Act and its regulations.

## Discussion

In a Social Security disability appeal, my role as district court judge is limited. I do not review evidence and determine whether a claimant is disabled and entitled to benefits. Instead, I review the ALJ's written decision to determine whether the ALJ applied the correct legal standards and whether the decision's factual determinations are supported by substantial evidence. *Shideler v. Astrue*, 688 F.3d 306, 310 (7th Cir.

2012). If substantial evidence supports the ALJ's factual findings, they are conclusive. *Id.*; 42 U.S.C. §405(g). The Supreme Court has said that "substantial evidence" means more than a "scintilla" of evidence, but less than a preponderance of the evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "Evidence is substantial if a reasonable person would accept it as adequate to support the conclusion." *Id.*; *Young v. Barnhart*, 362 F.3d 995, 1001 (7th Cir. 2004) (same). My review is guided by the principle that while "[t]he ALJ is not required to address every piece of evidence or testimony presented, but [they] must provide a 'logical bridge' between the evidence and the conclusions so that [I] can assess the validity of the agency's ultimate findings and afford the claimant meaningful judicial review." *Jones v. Astrue*, 623 F.3d 1155, 1160 (7th Cir. 2010). Given this modest standard, the review is a light one, but of course I cannot "simply rubber-stamp the Commissioner's decision without a critical review of the evidence." *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000). "[T]he decision cannot stand if it lacks evidentiary support or an adequate discussion of the issues." *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005) (quoting *Lopez ex rel. Lopez v. Barnhart,* 336 F.3d 535, 539 (7th Cir. 2003)).

Fadil argues that the ALJ erred in her subjective symptom analysis. [DE 9 at 21.] Historically, courts do not overturn an ALJ's subjective symptom analysis unless it is "patently wrong." *Elder v. Astrue*, 529 F.3d 408, 413-14 (7th Cir. 2008). However, "a failure to adequately explain his or her [subjective symptoms] finding by discussing specific reasons supported by the record is grounds for reversal." *Minnick v. Colvin*, 775

F.3d 929, 937 (7th Cir. 2015) (citing *Terry v. Astrue*, 580 F.3d 471, 477 (7th Cir. 2009)). The ALJ's determination "must contain specific reasons for the weight given to the individual's symptoms, be consistent with and supported by the evidence, and be clearly articulated so the individual and any subsequent reviewer can assess how the adjudicator evaluated the individual's symptoms." SSR 16-3p, 2016 SSR LEXIS 4, 2016 WL 1119029, at *9 (Mar. 16, 2016).

The ALJ found that Fadil's subjective statements were "not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." [A.R. 14.] The ALJ noted that although Fadil regularly complained of shortness of breath and his pulmonary function tests showed respiratory obstruction, "the record does not document frequent asthmatic exacerbations or complications that necessitated emergency room visits or other drastic forms of treatment." [*Id.* at 17.] The ALJ also noted that Fadil's lungs were frequently clear bilaterally and free of wheezes, rhonchi, and rales. [*Id.*] With regards to Fadil's musculoskeletal and neurological symptoms, the ALJ noted that Fadil was treated conservatively, and his progress notes do not corroborate any allegations of upper extremity weakness or restrictions. Moreover, the ALJ noted that Fadil routinely displayed full range of motion, normal muscle strength and tone, and had no focal neurological deficits. [*Id.* at 18.]

In analyzing a claimant's subjective symptoms, the ALJ is instructed to consider a variety of factors, including objective medical evidence; daily activities; "the location, duration, frequency, and intensity of pain or other symptoms"; and use of medication.

SSR 16-3p, 2016 SSR LEXIS 4, at *18, 2016 WL 1119029, at *7; *see also Shauger v. Astrue*, 675 F.3d 690, 696 (7th Cir. 2012). Fadil argues that the ALJ failed to do a full analysis of his subjective symptoms. I agree.

Here, the ALJ did discuss, at least vaguely, the difference between the objective medical evidence and Fadil's subjective symptoms. The ALJ did not provide citations to any specific reports or documents in the medical record to support her assertion that the objective evidence differed from Fadil's subjective symptoms, but she did at least address the objective medical record. However, the Seventh Circuit has held that an "ALJ may not discount a claimant's [subjective symptoms] just because [his] claims of pain are unsupported by significant physical and diagnostic examination results." *Pierce v. Colvin*, 739 F.3d 1046, 1049-50 (7th Cir. 2014); *see also Carradine v. Barnhart*, 360 F.3d 751, 754 (7th Cir. 2004) ("Pain is always subjective in the sense of being experienced in the brain."). The ALJ failed to give any other reasons for discounting Fadil's subjective symptoms outside of the lack of objective medical evidence support. A lack of objective evidence is not, by itself, enough to discount a claimant's subjective symptoms in declaring a claimant not disabled. The ALJ also failed to provide specific instances of evidence that contradicted Fadil's assertions. Such specifics are necessary before an ALJ can discount a claimant's subjective symptoms. As written, the ALJ's decision does not provide the required logical bridge from the medical evidence to her conclusion.

The ALJ did not discuss any of the other factors that the regulations require her to consider. First, the ALJ failed to adequately address the "location, duration,

frequency, and intensity of pain or other symptoms," even though the record provides multiple instances where Fadil discusses his symptoms in detail. Fadil discussed extreme weakness in his right arm, an inability to breathe while twisting and bending down, pain in his neck while looking down, and pain and weakness in his arm while driving. [A.R. 52-54, 58.] The ALJ did not discuss Fadil's daily activities or medication requirements, either. For instance, Fadil testified that he cannot drive more than a few minutes due to right arm weakness. [A.R. 58.] He also stated that he uses a nebulizer four times a day. [A.R. 46.] He stated that he struggles with sleeping, and therefore he often requires naps during the day. [A.R. 45-46.] He reported being unable to do chores around the house due to his arm weakness and difficulties with breathing. [A.R. 47.]

What little medical evidence the ALJ did discuss was given without any citation to the record or discussion of the specific subjective symptoms that Fadil was experiencing. Vague statements regarding the medical record is not enough to provide judicial review. It is not the Court's job to dig through the medical record to find the evidence that supports the ALJ's assertions. *See Davis v. Carter*, 452 F.3d 686, 692 (7th Cir. 2006) (finding that it is not the Court's job to sift through the record to find evidence in support of a party's claim). The ALJ failed to provide a proper analysis of Fadil's subjective symptoms, and this error requires remand.

Fadil also argues that the ALJ erred in failing to consider the combined effect of his impairments and how his two work accidents impacted his impairments. Fadil focuses his argument on the fact that the triggers for Fadil's impairments were extreme

accidents: chemical fume exposure and a large electric shock. These arguments are directly affected by the ALJ's treatment of Fadil's subjective symptoms. Because the ALJ erred in the subjective symptom analysis, remand is also necessary to address the ALJ's treatment of Fadil's work accidents and how those may cause his subjective symptoms, even without the support of objective medical evidence.

On remand, the ALJ should properly analyze Fadil's subjective symptoms and discuss whether Fadil's work related accidents could cause the subjective symptoms. Because I am remanding this case for the reasons stated above, I need not discuss the remaining issues raised by Fadil. He can raise those issues directly with the ALJ on remand.

## Conclusion

For the foregoing reasons, the decision of the ALJ denying Mansoor Fadil's application for Social Security disability benefits is REVERSED and REMANDED for further proceedings consistent with this opinion.

SO ORDERED on March 26, 2020.

/s/ Philip P. Simon  
PHILIP P. SIMON, JUDGE  
UNITED STATES DISTRICT COURT